No. 801

UNION CENTRAL LIFE INS. CO. v. HESS, Aud.

Hamilton Common Pleas

Decided June 16, 1925

647. INSURANCE — Company's reserve, being the obligation assumed under outstanding policies, is an asset of the policy-holders and not of the company, and in being recognized by statute as a debt, the company is authorized to deduct said reserve from its credits in making its return for taxation.

CALDWELL, J.

Five separate cases were brought in the Hamilton Common Pleas by as many insurance companies all being submitted on practically the same evidence so that one opinion applies to all.

The plaintiffs are legal reserve life insurance companies and in 1923 filed their returns to William Hess, Auditor of Hamilton County, of their respective personal property required to be listed for taxation. Hess objected to the returns so made because of deductions by the companies from their "credits" of what is known as the "reserve", required to be set up by such insurance companies, by statute.

The companies claim the right to do this on the theory that the reserve is a debt to be deducted from credits for purpose of taxation. Hess denied this and asserted that even if a debt, 5327 GC. permitting deduction of debts from credits is unconstitutional as is 8354 GC. authorizing the companies to treat these reserves for taxation as debts.

Hess notified the companies of his intention to place on the duplicate for taxation against them, respective amounts of their legal reserves. A temporary restraining order was granted the plaintiffs in the Hamilton Common Pleas and to make that order perpetual is the object of the present action. The Court in granting the injunction held:

1. The reserves of life insurance companies are not separate and distinct funds set aside, consisting of money or securities, but are a measurement of liability or obligation and made by the state pursuant to statutory mandate, to meet which the companies must at all times have certain approved securities.

2. The reserve is in no sense a fund or asset, but is exactly as defined by statutes, the amount of its policy obligations, the amount owing its policy-holders.

3. "A life insurance company, therefore, when its solvent credits are assessed for taxation under a statute which declares that from them the indebtedness of the taxpayer shall be deducted, and the excess only shall be taxed, ought to be allowed to have deducted therefrom its premium reserve. Unless this be done, an invidious discrimination will be made against institutions, which it cannot be supposed the Legislature intended to tax out of existance."

4. The mere reading of the statutes governing and controlling the operation of life insurance companies, suffices to show that to reach any conclusion other than that the Legislature deliberately intended the reserve to be considered and treated as a debt or liability, would be to close our eyes to the plain meaning of the English language. 9357 GC. expressly provides: "The reserve being the amount of debts of life insurance companies by reason of their outstanding policies in gross."

5. From every consideration of public policy and also from the stand point of the laws applicable to this controversy, the injunction in these cases should be made permanent.

Decree accordingly.

Attorneys—Maxwell & Ramsey; Dinsmore, Shohl & Sawyer; and Robt. Ramsey for Union Central Ins. Co.; Waite, Schindel & Bayless for Columbia Life Ins. Co.; Clyde P. Johnson, and Williams, Ragland, Dixon and Murphy for West. & South. Life Ins. Co.; Bettinger, Schmitt & Kreis for Ohio National; Jones, Snook, Morrissey & Terry for Federal Union Life Ins. Co.; Chas. S. Bell and Chester Durr for Hess; all of Cincinnati.